IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cr-15-F |
| | ) | (WO) |
| MAX OTIS HINES | ) | |

## O R D E R

On October 19, 2005, the defendant filed an Unopposed Motion to Continue Trial (Doc. #35). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that this the defendant has given an extensive proffer to the government; however, additional proffers will be required and cannot be scheduled and completed before the November 7, 2005 trial date. There are active plea negotiations, which are dependent in part on the proffer as well as on continuing investigation; plea negotiations

cannot be finalized before the November 7, 2005 trial date. The government does not oppose the continuance of this matter. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on October 19, 2005 is GRANTED;

2. That the trial of this defendant is continued from the November 7, 2005 trial term to the February 13, 2006 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the February 13, 2006 trial term.

DONE this 21st day of October, 2005.

_____/s/  Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE